East'n. District.
*June* 1825.

BARBARIN
*vs.*
DESCAHAUT'S
HEIRS.

---

### BOWMAN vs. FLOWER.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. The pleadings in this action show that it is a petitory one. The real question between the parties is the true boundary of the grants under which they hold. The cause has been tried three times. On the first trial there was a verdict for the plaintiff, which the court below set aside. On the second the jury found for the defendant, and the court confirmed it. On appeal that judgment was reversed, and the cause remanded, in consequence of illegal evidence having been permitted to go to the jury. It now returns to us with what has been called a special verdict, which on the face it does not state to be either, for the plaintiff or defendant, but which we presume is most favorable to the pretensions of the former, as he

If the jury, instead of deciding on conflicting evidence, make a compromise between the parties, the cause will be remanded. If the evidence be equal, the decision should be against the party holding the affirmative.

BOWMAN
vs.
FLOWER.

appears in this court as appellee, and has endeavoured to support it.

The defendant's grant is the oldest. The plaintiff's calls to bind on it. And the point most litigated between the parties has been what are its true boundaries. The defendant insists it is a line drawn due east from a certain tree on the back line represented in the plat of survey before the court by the letter D. The plaintiff contends, it is a tree standing on the front marked A., which indicates where the true dividing line between him and the defendant commenced; and that by giving the line a due west course from this tree, until it strikes the back line of the patents, the true boundary of the defendant's grant, and the correct limit between him and the plaintiff is shown.

To these two points the whole attention of the parties appears to have been directed, and all the evidence introduced, tends to support one, or other, of these limits. The verdict of the jury disregards both. Eexercising the powers of "amicable compounders," they decline weighing the evidence; and give a line for a boundary which is not that claimed by either party, nor as far as we can gather from the record, supported by any evidence to be found in it.

East'n. District.
*June* 1825.

BOWMAN
*vs.*
FLOWER.

The intention of the jury was no doubt good. They desired to compromise, what they found difficult to decide. But this they had no power to do. If the evidence when put in the scales brought the beam so even, that they could not tell to which side it leaned; it would seem to us the decision should have been against the party holding the affirmative. That is, against the plaintiff, for the land which he averred the defendant illegally retained possession of, and against the latter for the claim set up in his answer; or in other words against the petitioner who commenced the action, as that would have negatived the pretensions of both. 12 *Martin*, 260, *vol.* 2d. 494.

Cases of this kind are emphatically proper to be tried by a jury, and by a jury of the vicinage too, who know the localities, and are enabled from this knowledge, to test the correctness of contradictory testimony. Had the jury who tried this cause, decided either one way or another, on the points really at issue, and contested, we should have felt great reluctance to put our judgment against theirs; but the verdict we are called on to sanction, comes not before us, with any of these considerations to support it. It is not deciding on the weight

East'n. District,
June 1825.

Bowman
vs.
Flower.

of evidence, but giving a decision without any to support it. This we feel we have no authority to sanction; more especially as the verdict does not meet our ideas of the justice of the case.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided, and reversed, that the case be remanded for a new trial, and that the appellee pay the costs of this appeal.

*Watts and Lobdell* for the plaintiff, *Woodruf* for the defendant.